ERNEST LUDWIG, Respondent, *v.* LOUIS C. GILLESPIE, Appellant.

*Court of Appeals, April 19, 1887.*

Affirming same case, 51 N. Y. Super. 310.

*Principal and agent. Undisclosed.*—When a contract not under seal is made with an agent in his own name, for an undisclosed principal, whether he describes himself to be an agent or not, the agent may sue upon it.

See note at end of case.

Appeal from a judgment of the general term of the New York superior court, affirming a judgment for plaintiff.

*Wm. Hildreth Field*, for appellant.

*M. W. Divine*, for respondent.

DANFORTH, J.—The action was to recover $22,251.60, as the price of certain bitumen theretofore sold and delivered by the plaintiff to the defendant. Besides a general denial, the answer set up that the bitumen was sold and delivered

by the plaintiff, not on his own account, "but as known agent for the firm of Arles, Dufour & Co., his disclosed principals, under a special contract in writing, and without authority to receive the proceeds of such sales;" and upon this defense the defendant, upon trial of the issues before a referee, asked a dismissal of the complaint. His request was denied, and judgment went against him, both upon the report of the referee and at the general term.

The principal point made in his behalf upon this appeal is that the action was improperly brought by the plaintiff in his own name. It appeared that the contract was negotiated by one Clarke, a broker, who in that character made and signed a writing which, so far as is material, was in these words: "New York, April 25, 1882. Sold for account of Mr. E. Ludwig, agent, to Mr. L. C. Gillespie, four thousand (4,000) cases Syrian bitumen," etc. A time for delivery was specified, and the price declared "payable thirty days from each delivery." This contract was assented to by both parties, and the referee finds that "there was no proof that the name of Arles, Dufour & Co. was disclosed or mentioned as the principal of the plaintiff in the negotiations for the sale, nor at any time before this contract had been executed and delivered;" but he also finds that, at the time of making it, the "plaintiff was in fact the agent of Arles, Dufour & Co. of Marseilles, France, for the sale of imported goods," and that the bitumen was sold and delivered by him, not on his own account, but for and on account of Arles, Dufour & Co., and as their agent.

The evidence sustains these findings, and the case is thus brought within the well-established rule of law, that when a contract not under seal is made with an agent in his own name, for an undisclosed principal, whether he describes himself to be an agent or not, either the agent or principal may sue upon it. Considerant *v.* Brisbane, 22 N. Y. 389; Schaefer *v.* Henkel, 75 id. 378. The defendant has received

the thing bargained for, and a recovery by the plaintiff and payment of the judgment will be a complete protection to the defendant against any claim of the principal arising upon the contract.

The other questions presented by the appellant relate to rulings by the referee upon offers of evidence, and were properly held by the general term to be without merit.

The judgment should be affirmed.

. All concur.

NOTE ON THE RELATION AND LIABILITY OF PARTIES IN. CASE OF AN UNDISCLOSED AGENCY.

An agent who discloses fully the name of his principal at the time of making the contract, is not usually liable to the other contracting party for the purchase price of the goods sold and delivered, unless made so by a special pledge of his own credit. But where for any reason he fails at such time to make known the name of his principal, he renders himself liable. This liability is not confined to any particular class off agents, but extends to an auctioneer, broker, commission merchant, agent for a corporation, a copartner, agent for a foreign principal, a public agent, and in fact for every kind of agency.

Where a contract, not under seal, is made with an agent in his own name for an undisclosed principal, whether he describes himself as an agent or not, either the agent or principal may sue upon it.

It is not sufficient to exonerate an agent from liability merely because he stated that he was acting as an agent. Nor will it exempt a commission merchant from responsibility, on the ground that he was acting as the agent for some other person, by merely showing that he was generally known to the contracting party and others to be a commission merchant.

It is not enough that the other party has the means of ascertaining the name of the principal; he must have actual knowledge, in order to relieve the agent from personal liability. The disclosure of his agency is not completely made, unless it embraces the name of the principal.

Where the name of the principal is disclosed after the sale, so as to give a right of action in favor of the vendor against him for the price of the goods sold, the principal may, on his part, maintain an action against the vendor, for a breach of warranty in the contract of sale.

Where the purchaser or vendor is not known to the other party to be principal, and credit was at the time given to the agent, who was in fact an undisclosed agent, such party can, at his election, hold for payment either the agent or his principal. Though he may elect which of them he will hold responsible, he cannot have a recovery against both of them. But